IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY ENIS,
No. N-82931,

Petitioner,

vs.                                              Case No. 16-cv-849-DRH

KIMBERLY BUTLER,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Anthony Enis, a state prisoner currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

The petition was filed on July 27, 2016. Enis challenges his life sentence, which he is serving as a result of former Governor George H. Ryan's January 2003 commutation of the death sentence imposed after petitioner's murder conviction in Lake County. *People v. Enis*, Lake County Circuit Court No. 91-CF-9. He invokes § 2241 as the basis for his petition, arguing that his current custody is the result of the Governor's "executive order of detention," and that he is no longer in custody pursuant to the Lake County judgment of conviction (Doc. 1, p. 9). He seeks immediate release from custody, based in part on his argument that the governor exceeded his authority by ordering Enis to be held indefinitely

when he was "actually innocent of his former sentence of death" (Doc. 1, pp. 9-10).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that it lacks jurisdiction to entertain the petition, and it must therefore be dismissed.

## Procedural History

Petitioner's original conviction and death sentence for the 1987 murder were reversed, *People v. Enis*, 139 Ill. 2d 264, 564 N.E.2d 1155 (1990), and the case was remanded for a new trial.  Upon retrial, Enis was convicted again, and again sentenced to death.  This time, the conviction and sentence were affirmed on appeal.  *People v. Enis*, 163 Ill. 2d 367, 645 N.E.2d 856 (1994).  The Illinois Supreme Court specifically found that Enis' eligibility for the death penalty had been proven beyond a reasonable doubt.  *Id.*, 163 Ill. 2d. at 412-13, 645 N.E.2d at 876.

Enis filed a post-conviction petition, which was dismissed by the trial court.  On appeal, the Illinois Supreme Court affirmed the dismissal of the petition, finding that trial and appellate counsel did not render ineffective assistance, and

finding no error in the trial court's decision to quash a postconviction subpoena and deny a substitution of judge. *People v. Enis*, 194 Ill. 2d 361, 743 N.E.2d 1 (2000), *cert. denied*, *Enis v. Schomig*, 533 U.S. 908 (2001).

In June 2001, Enis filed a habeas corpus action pursuant to 28 U.S.C. § 2254, *Enis v. Schomig*, Case No. 01-C-4429 (N.D. Ill.).  He raised numerous grounds for relief, including (1) the trial court improperly denied his motions to suppress witnesses' identification testimony; (2) the trial court's rulings on evidentiary and discovery matters were erroneous; (3) trial and appellate counsel were ineffective; (4) he was denied his right to testify at trial; (5) he was not proven guilty beyond a reasonable doubt; (6) the State engaged in prosecutorial misconduct: (7) the trial court wrongly denied his discovery requests; and (8) the cumulative effect of the listed errors violated his constitutional rights.  *Enis v. Schomig*, No. 01-C-4429, 2004 WL 2203420, at *5-6 (N.D. Ill. Sept. 29, 2004).  In January 2003, while the habeas action was pending, petitioner's death sentence was commuted to life without parole by an executive order of former Governor Ryan.  Ultimately, the § 2254 habeas petition was denied. *Id.* at *28-29.

Enis made another attempt to challenge his sentence and conviction in federal court in September 2011, when he filed a second § 2254 habeas petition. *Enis v. Rednour*, Case No. 11-C-6911 (N.D. Ill., filed Sept. 30, 2011).  In that action, Enis raised claims that no evidence supported his eligibility for the death penalty; his counsel was ineffective for failing to investigate evidence to rebut his eligibility for the death penalty; and his indictment failed to include an aggravating

factor that elevated the charge to a capital offense.  He argued that the petition should not be construed as second or successive, because it was his first attack on his life sentence and his eligibility for that sentence (Doc. 1 in Case No. 11-C-6911).  The Northern District rejected that argument, and dismissed the habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A) for lack of jurisdiction, because Enis had failed to obtain leave from the court of appeals before filing the action. *Enis v. Rednour*, Case No. 11-C-6911 (N.D. Ill., Oct. 28, 2011).

Enis then sought authorization to file a second or successive § 2254 petition.  *Enis v. Atchison*, No. 12-2973 (7th Cir. filed Aug. 27, 2012).  In denying the application, the Seventh Circuit noted that in his original § 2254 habeas action, Enis had withdrawn all of the claims regarding his sentence following the governor's commutation.  Presuming that Enis wished to assert the claims he had included in his 2011 petition (N.D. Ill. Case No. 11-C-6911), the court determined that none of the proposed claims relied on new facts or new law, as required by § 2244(b)(2).  Instead, Enis could have raised the claims regarding his death-sentence eligibility and the indictment in his initial habeas proceeding.  The court therefore denied authorization for a second/successive § 2254 action.  *Enis v. Atchison*, No. 12-2973 (7th Cir. Sept. 6, 2012).

## The Petition

Three grounds for relief are raised in the instant § 2241 habeas petition. First, Enis claims that he is "no longer in custody pursuant to the judgment of a state court[,]" but is instead being detained "pursuant to the judgment of the

former chief executive of the State of Illinois" (Doc. 1, p. 9).  As such, Enis seeks to bring this action pursuant to 28 U.S.C. § 2241.   Secondly, he asserts that Governor Ryan exceeded his authority by ordering petitioner to be held indefinitely when he was "actually innocent (ineligible) of his former sentence of death." (Doc. 1, pp. 9-10).   As such, the life sentence violated the Eighth Amendment's cruel and unusual punishment clause, as well as the due process clause of the Fourteenth Amendment. Within that claim, he raises several arguments attacking his conviction.   Third, Enis claims he was indicted for a class of offense that did not exist under Illinois law, and his indictment was deficient for failing to allege any elements to sustain either the death sentence or his current sentence (Doc. 1, p. 11).

As relief, Enis seeks immediate release from custody, and a hearing to "determine the validity of the executive order of detention" and whether he may be detained beyond the 40-year maximum sentence that was in effect at the time of his offense (Doc. 1, p. 12).  He attaches a 28-page memorandum of law (Doc. 1-1) further developing his arguments.

## Discussion

It does appear that the petition is properly brought under § 2241, because the state court order sentencing Enis to death was effectively replaced by the commutation order of the former governor. *See People v. Mata*, 842 N.E.2d 686, 694 (Ill. 2005), *as modified on denial of reh'g* (Jan. 23, 2006) (governor's "commutation removes the judicially imposed sentence and replaces it with a

lesser, executively imposed sentence"). A person who is "in custody pursuant to the judgment of a State court" may seek federal habeas corpus relief under § 2254. 28 U.S.C. § 2254(a). A prisoner who is held in custody based on some authority other than a state court judgment may utilize the general habeas corpus provision under 28 U.S.C. §2241. *See, e.g., Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (state pre-trial detainee must seek habeas relief under § 2241 and not § 2254); *Madej v. Robert*, Case No. 07-C-3549, 2013 WL 328981, at *1, n.1 (N.D. Ill. Jan. 29, 2013) (noting jurisdiction under § 2241 was proper for state prisoner seeking habeas relief from re-sentencing that occurred after governor's commutation of death sentence).

However, his ability to invoke § 2241 as the basis for this habeas action does not give Enis a fresh opportunity to put forth arguments that could have been raised in his original § 2254 habeas action. The Seventh Circuit explained in *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), that "as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." This includes the requirement that prior approval from the court of appeals must be obtained before a second or successive habeas application may be filed in the district court. *Id*. (discussing *Felker v. Turpin*, 518 U.S. 651 (1996)). Thus, "bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Walker*, 216 F.3d at 633.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not consider a second or successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A).  In Enis' case, he sought permission to bring a successive § 2254 habeas action, but the Seventh Circuit denied his application. *Enis v. Atchison*, No. 12-2973 (7th Cir. Sept. 6, 2012).  He has labeled the instant habeas petition as having been brought under § 2241, however, *Walker* directs that the prior-authorization restriction applies to a habeas action brought by a state prisoner regardless of the statute invoked.  The rules governing § 2254 proceedings specifically authorize a district court to apply them to other habeas actions.  Rule 1(b) of the Rules Governing § 2254 Cases.  *See also Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (§ 2241 petitions brought by state prisoners are subject to the same restrictions as § 2254 petitions); *Nash v. Hepp*, No. 08-CV-534, 2008 WL 2906917, at *1 (E.D. Wis. July 24, 2008) (convicted state prisoner who invoked both § 2241 and § 2254 in habeas petition could not bring action without first complying with § 2254 requirement to obtain prior authorization from court of appeals).

Enis did not obtain permission from the Seventh Circuit Court of Appeals to bring the instant habeas application in this Court as directed by 28 U.S.C. § 2244(b)(3)(A).  Therefore, notwithstanding the statutory label Enis placed on his petition, this Court lacks authority to grant him the relief he seeks.  The § 2241 petition shall be dismissed without prejudice.

### Pending Motion

The motion for extension of time to pay the $5.00 filing fee (Doc. 5) is **DENIED AS MOOT**.  Petitioner's payment was timely received.

### Disposition

**IT IS ORDERED** that the petition is summarily **DISMISSED** without prejudice, for lack of jurisdiction.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

## Certificate of Appealability

A state prisoner who challenges his conviction or sentence under 28 U.S.C. § 2254 is required to obtain a certificate of appealability, either from the district court or from the court of appeals, before an appeal may be brought. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *Walker v. O'Brien*, 216 F.3d 626, 637-39 (7th Cir. 2000). Where a state prisoner brings a habeas action pursuant to § 2241, a certificate of appealability is also required if the detention arose from a process issued by a state court. *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009) (certificate of appealability is required for state prisoner in custody awaiting trial, because the detention resulted from a state court order). The *Evans* court distinguished the situation where a state prisoner's detention arose from an executive-branch order of extradition, as opposed to a judicial process. *Evans*, 569 F.3d at 666 (discussing *Behr v. Ramsey*, 230 F.3d 268 (7th Cir. 2000)). In *Behr*, the § 2241 petitioner in custody under the governor's extradition warrant was not required to obtain a certificate of appealability.

In Enis' case, he has invoked § 2241 as the basis for his petition, but is subject to the § 2254 requirements. He was convicted in state court, and his detention originated from that judicial process. However, due to the intervening commutation of his death sentence, he remains in custody pursuant to an executive-branch order. Arguably, a certificate of appealability would not be required for Enis in light of the Seventh Circuit's analysis in *Behr.* However, as *Walker v. O'Brien* directs that Enis' habeas petition is subject to the § 2254

requirements, and because his habeas action seeks to challenge his conviction and sentence, out of an abundance of caution, the Court shall analyze whether a certificate of appealability should be issued.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, this Court has determined that it lacks jurisdiction to consider this application for habeas relief, because it is a second/successive petition for which prior authorization has not been granted. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. As noted, Enis may apply for a certificate of appealability to the United

States Court of Appeals, Seventh Circuit, if he wishes to pursue this matter further.

**IT IS SO ORDERED.**

**Dated: December 5, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.12.05 10:54:30 -06'00'

**United States District Judge**